**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1050-18T4

DIANE JANKOWSKI,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
and SENIOR CARE OF SOUTH
JERSEY, LLC,

     Respondents.

_____

Submitted April 27, 2020 – Decided May 11, 2020

Before Judges Fasciale and Rothstadt.

On appeal from the Board of Review, Department of Labor, Docket No. 155,556.

Diane Jankowski, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Donna Sue Arons, Assistant Attorney General, of counsel; Jana Rene DiCosmo, Deputy Attorney General, on the brief).

PER CURIAM

Diane Jankowski appeals from an October 5, 2018 Board of Review final agency decision concluding she does not qualify for unemployment benefits under N.J.S.A. 43:21-5(a) because she left her employment without good cause attributed to her work. Senior Care of South Jersey, LLC, employed Jankowski as Director of Nursing from August 2016 to May 31, 2018, when she resigned due to her belief that Senior Care was non-compliant with various nursing statutes and regulations—specifically that her supervisor kept her from participating in staff evaluations. We affirm.

Our review of an administrative agency's final determination is strictly limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). "If the Board's factual findings are supported 'by sufficient credible evidence, courts are obliged to accept them.'" Ibid. (quoting Self v. Bd. of Review, 91 N.J. 453, 459 (1982)). We may not disturb the agency's decision unless it is arbitrary, capricious, or unreasonable or inconsistent with the applicable law. Ibid. Thus, "[i]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the

2

A-1050-18T4

factfinder could reasonably so conclude upon the proofs." Ibid. (alteration in original) (quoting Charatan v. Bd. of Review, 200 N.J. Super. 74, 79 (App. Div. 1985)).

Pursuant to N.J.S.A. 43:21-5(a), an employee who "left work voluntarily without good cause attributable to such work" is disqualified for unemployment compensation benefits. "Under this section, the threshold question is whether an applicant for unemployment compensation benefits left [the] job 'voluntarily.'" Lord v. Bd. of Review, 425 N.J. Super. 187, 190-91 (App. Div. 2012). "[W]hen an employee leaves work voluntarily [like here], he [or she] bears the burden to prove he [or she] did so with good cause attributable to work." Brady, 152 N.J. at 218. An employee has left work "voluntarily" within the meaning of the statute when "the decision whether to go or to stay lay at the time with the worker alone." Campbell Soup Co. v. Bd. of Review, 13 N.J. 431, 435 (1953); see also Utley v. Bd. of Review, 194 N.J. 534, 544 (2008).

On appeal, Jankowski argues:

> [POINT] I
>
> THE EXAMINER OF THE APPEALS TRIBUNAL SUBMITTED INCORRECT INFORMATION IN HIS FINDINGS OF FACT AND OPINION TO THE BOARD OF REVIEW WHICH THEY RELIED UPON TO RENDER THEIR DECISION. THE BOARD OF REVIEW'S DECISION SHOULD BE REVERSED.

3

THE BOARD OF REVIEW AND THE APPEALS TRIBUNAL BASED THEIR DENIAL OF BENEFITS IN ACCORDANCE WITH [GOEBELBECKER V. STATE, 53 N.J. SUPER. 53, 59 (APP. DIV. 1958).]

We considered Jankowski's contentions and conclude they are without sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E). We add the following brief remarks.

Senior Care disputed Jankowski's assertion that it was not in compliance with the law. Jankowski testified that she called the Board of Nursing only to ask whether she was required to give Senior Care notice before leaving her position. She admitted that the Nursing Board never informed her that Senior Care violated the law, acted unethically, that she would be liable for Senior Care's actions, or that her nursing license was in jeopardy and, consequently, Jankowski never filed a complaint against Senior Care. Jankowski admitted that she was not under a threat of termination from her position. Rather, the credible record supports the Appeal Tribunal's finding, as adopted by the Board, that Jankowski left her job because she was unhappy with her work environment and assignments.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4

A-1050-18T4